# In the United States Court of Federal Claims

**FILED**

No. 17-1853C
(Filed: May 3, 2018)
NOT FOR PUBLICATION

MAY - 3 2018

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| KIM ANTHONY POLONCZKY, ) | *Pro se* Plaintiff; Motion to Dismiss for |
| ) | Lack of Jurisdiction; RCFC 12(b)(1); |
| *Pro Se* Plaintiff, ) | Failure to Establish Jurisdiction; |
| ) | Defendant Other Than the United |
| v. ) | States; Claims Against State Officials |
| ) | and Agencies; Review of Other |
| THE UNITED STATES,[1] ) | Federal Courts; Constitutional Claims; |
| ) | Tort Claims. |
| Defendant. ) | |
| ) | |

## OPINION DISMISSING PLAINTIFF'S COMPLAINT
## FOR LACK OF JURISDICTION

Kim Anthony Polonczky ("plaintiff" or "Mr. Polonczky") filed his *pro se* complaint against the United States ("the government") on November 27, 2017. On January 26, 2018, in lieu of an answer, the government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *See* Def.'s Mot. to Dismiss for Lack of Jurisdiction, or, Alternatively, for Failure to State a Claim ("Def.'s Mot.") at 1, Docket No. 9. The plaintiff filed a response on February 12, 2018, and the government filled a reply on March 1, 2018. Additionally, the plaintiff filed a motion to admit additional evidence on March 12, 2018, filed a motion to take judicial notice on March 23, 2018, and filed a motion to supplement evidence and take judicial notice on March 26, 2018. The government filed a response to the plaintiff's motion to admit additional evidence on March 26, 2018. On March 28, 2018, the court granted the plaintiff's motions to admit

---

[1] The plaintiff's complaint was filed against the United States government, the Social Security Administration, and the United States Judicial System. Because under Rule 10(a) of the Rules of the United States Court of Federal Claims, any claims filed in the Court of Federal Claims must be filed against the United States as the sole defendant, the United States was substituted as the defendant in the caption. *See, e.g., Lea v. United States*, 126 Fed. Cl. 203, 203 n.1, *reconsideration denied*, No. 15-292C, 2016 WL 2854257 (Fed. Cl. May 10, 2016), *aff'd*, 662 F. App'x 925 (Fed. Cir. Oct. 6, 2016); *Gharb v. United States*, No. 12-911C, 2013 WL 4828589, at *2 (Fed. Cl. Sept. 9, 2013); *Grant v. United States*, No. 13-473C, 2014 WL 128634, at *1 n.1 (Fed. Cl. Jan. 7, 2014).

7017 1450 0000 1346 4803

additional evidence, to take judicial notice, and to supplement evidence. *See* Docket No. 16. For the reasons discussed below, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

## I. BACKGROUND

The following facts are taken from the plaintiff's complaint. Mr. Polonczyk's complaint sets forth his claims relating to the conduct of the United States government, the United States Social Security Administration, and the United States Judicial System, as well as the actions of private parties and various state and federal entities that he has not named as defendants but discusses in his complaint. Mr. Polonczyk challenges the removal of a lawsuit he filed in Florida state court against, among others, Microsoft from the Circuit Court in and for Escambia County to the United States District Court for the Northern District of Florida and the subsequent dismissal of his lawsuit. *See* Compl. at 4–19. *See also Polonczyk v. Gates*, No. 3:16-CV-599-RV-GRJ, 2017 WL 1164726, at *1 (N.D. Fla. Mar. 16, 2017), *report and recommendation adopted*, No. 3:16-CV-599-RV-GRJ, 2017 WL 1159105 (N.D. Fla. Mar. 28, 2017), *appeal dismissed*, No. 17-11415-B, 2017 WL 4570540 (11th Cir. May 1, 2017). The plaintiff had asserted that Microsoft (and the other defendants) infected his computer with a virus that destroyed his hard drive and erased his intellectual property, committed home invasion and computer invasion, harassed him, stole his intellectual property, and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), among other things. *See* Compl. at 15–19. The plaintiff contends that the federal government provides special privileges and protections to Microsoft. *See* Compl. at 6–7, 11. Mr. Polonczyk alleges that the federal court permitted, protected, and promoted the conspiracy between Microsoft and the other defendants by allowing their continued violation of state laws. Compl. at 6. He additionally asserts that Judge Roger Vinson stole his identity by "refilling a removed [action] (signed by [the] same judge, ordered by [the] same judge and sealed by [the] same judge)" in federal district court in the plaintiff's name without the plaintiff's permission and asserts that Judge Vinson furthered the conspiracy by dismissing the plaintiff's lawsuit in order "to protect the Defendant Conspiracy from a state suit through double jeopardy in a [s]tate [a]ction[.]" Compl. at 6.

The plaintiff alleges that the state and federal courts "violated" his "Due Process Rights[2] by not providing the paperwork . . . or following the Rules of Procedure in transferring the [a]ction from the State Court back to the Federal Court by allowing a 'notice' [of removal] . . . instead of a pleading . . . as required to transfer the action" and denied him "equal and fair access to the courts for redress." Compl. at 7. The plaintiff further contends that "[t]heir refusal to provide equal access to the court system as guaranteed by the U.S. Constitution is intentional tort discrimination against the

---

[2] Although the complaint at one point refers to "the [p]laintiff's 1st Amendment Due Process Rights[,]" the First Amendment of the United States Constitution does not contain any due process rights. *See* Compl. at 7. Due process rights are contained within the Fifth and Fourteenth Amendments to the Constitution.

2

[p]laintiff." Compl. at 8. He additionally asserts that the court system, the federal court judges, lawyers, and the federal government discriminated against him as a disabled, *pro se* litigant and thus violated the Americans with Disabilities Act ("ADA") and the Constitution. *See* Compl. at 7–9, 17, 24. *See generally* Compl. at 15, 22–24, 37.

Mr. Polonczyk also maintains that the U.S. government has required him "to enter into a contract, Social Security," and "[o]n many occasions[,] the Social Security Administration and the United States has [sic] intentionally, oppressively and deliberately breached this contract with the [p]laintiff and even attempted to invent a [f]elony charge against the [p]laintiff so [h]e can be separated from his entitlement permanently." Compl. at 4, 33. *See also id.* at 30–38. He asserts that the federal government and the Social Security Administration have "removed [his] contractual fiducial [sic] rights and entitlements to the automatic cost of living adjustment [(COLA)] and his rights to Medicare Health Insurance while still deducting (embezzling) the Medicare payments from his entitlements." Compl. at 33. Additionally, the plaintiff alleges that the

> Administrative Law Judge for Social Security, exactly as the United States District Court Judge and the Illinois District Court Judge did, violated the [p]laintiff's rights and invented his own statute and made up an onset date [for the plaintiff's debilitating brain hemorrhage] without having any [statutory] authority, jurisdiction, evidence, or reason except to intentionally, hinder and discriminate against the [d]isabled Pro–SE [p]laintiff and protect the party who was violating enacted [statutes]. (ALJ [made] up a new onset date, Federal Judge filed a lawsuit in the [p]laintiff's name, and the Ill. District Court [made] up a [statute] for un-emancipation.)

Compl. at 37. *See also id.* at 27–29.

In addition, Mr. Polonczyk's complaint touches upon certain criminal matters involving criminal charges against him which he alleges were improperly brought. *See* Compl. at 13–15, 20–21, 24–26, 33.

Mr. Polonczyk seeks a total of $8,172,618.46 in damages from the defendants for his claims, $360,618.46 in damages for the Social Security disability payments he alleges were improperly removed, $12,000.00 in damages for his unpaid medical costs, and $7,800,000.00 in damages from his suit against Microsoft, and requests the court either review *de novo* the lawsuit he filed against Microsoft (and the other defendants) or return that lawsuit to a Florida state court other than Escambia County (or, alternatively, the International Court of Justice). Total Remedies at 1, Docket No. 1-4; Compl. at 29, 38. He also requests the court set aside the "average amount owed to all Social Security recipients for the 10 year period on non-COLA increases" as calculated by the plaintiff, which comes to $1.39944158 \times 10^{19}$, and give "notification . . . to all Social Security beneficiaries that they must apply to receive their past due COLA increases and allow the

3

[p]laintiff an oversight [role] in the distribution of these funds." Compl. at 39; Total Remedies at 1.

The government filed a motion to dismiss this action pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction and, alternatively, pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. See Def.'s Mot. at 1. The government argues that the plaintiff failed to allege a claim that falls within this court's jurisdiction because the United States Court of Federal Claims lacks jurisdiction over: (1) the decisions of district courts; (2) parties other than the United States; (3) tort claims; (4) claims involving criminal matters; (5) violations of the due process and equal protection clauses of the Fifth and Fourteenth Amendments; (6) violations of the ADA; (7) claims related to Social Security benefits; and (8) "allegations of breach of contract based on Social Security numbers." See Def.'s Mot. at 4–8. Alternatively, the government argues that this court should dismiss this action for failure to state a claim pursuant to RCFC 12(b)(6) because the plaintiff's complaint fails to raise any plausible claims against the United States. Def.'s Mot. at 1, 3–4, 7–8.

## II.  DISCUSSION

For the reasons discussed below, the court agrees with the government that it lacks subject matter jurisdiction to adjudicate all of Mr. Polonczyk's claims. Jurisdiction represents a threshold matter that a court must resolve before it may proceed to the merits of a case. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999); Frazier v. United States, 683 F. App'x 938, 939 (Fed. Cir. 2017). The court accepts as true the uncontested allegations asserted in a plaintiff's complaint when evaluating a motion to dismiss for lack of subject matter jurisdiction. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Although the court holds a complaint filed by a pro se plaintiff to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), this leniency does not excuse a pro se plaintiff "from his or her burden of proving, by a preponderance of the evidence, that the court possesses [subject matter] jurisdiction." Gravatt v. United States, 100 Fed. Cl. 279, 286 (2011). See also Colbert v. United States, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").

The United States Court of Federal Claims only has jurisdiction to hear claims against the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (explaining that the Court of Federal Claims' "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)). Therefore, to the extent that the plaintiff is claiming damages based on the actions of private parties, such as Microsoft, the plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. See, e.g., Compl. at 15–19. Additionally, the Federal Circuit has explained that "the Court of Federal Claims does not have jurisdiction to hear claims against states,

4

localities, state and local government entities, or state and local government officials and employees." *Smith v. United States*, 99 Fed. Cl. 581, 583 (2011) (citing *Moore v. Pub. Defender's Office*, 76 Fed. Cl. 617, 620 (2007)). Therefore, the plaintiff's claims against the state courts and state government officials must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, Compl. at 7–8. The Federal Circuit has also held that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Therefore, this court must also dismiss Mr. Polonczyk's allegations against the United States District Court for the Northern District of Florida and against Judge Rodger Vinson who presided over his lawsuit against Microsoft.

The plaintiff's remaining claims against the United States must also be dismissed for lack of subject matter jurisdiction. This court lacks subject matter jurisdiction over claims based on violations of due process or equal protection rights because those constitutional rights are not money-mandating. "Although this court may exercise jurisdiction over claims 'founded . . . upon the Constitution,' the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money." *Miller v. United States*, 67 Fed. Cl. 195, 199 (2005) (quoting 28 U.S.C. § 1491(a)(1)). *See also Ealy v. United States*, 120 Fed. Cl. 801, 805 (2015). It is well established that the Court of Federal Claims does not possess jurisdiction to adjudicate claims under the Due Process clauses of the Fifth and Fourteenth Amendments because these constitutional provisions are not money-mandating. *See Harvey v. United States*, 683 F. App'x 942, 943 (Fed. Cir. 2017) ("The [Court of Federal Claims'] limited jurisdiction does not extend to claims brought under . . . the Due Process clauses of the Fifth and Fourteenth Amendments, because they do not contain money-mandating provisions."); *Lewis v. United States*, 476 F. App'x 240, 244 (Fed. Cir. 2012) ("Neither the due process clauses nor the equal protection clauses of the Fifth and Fourteenth Amendments to the Constitution 'obligate the government to pay money damages.'" (quoting *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988))). Therefore, the court must dismiss Mr. Polonczyk's claims based on violations of his due process rights under the Fifth and Fourteenth Amendments, as well as those based on the denial of equal access to the courts. *See* Compl. at 7–8, 13, 15. Nor does the Federal Court of Claims have jurisdiction over the plaintiff's claims under the First Amendment because "the First Amendment, 'standing alone, cannot be . . . interpreted to command the payment of money.'" *Hood v. United States*, 659 F. App'x 655, 662 (Fed. Cir. 2016) (quoting *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc)).

Additionally, the plaintiff's claims sounding in tort, including his allegations of intentional tort discrimination, must also be dismissed for lack of subject matter jurisdiction. The Tucker Act explicitly states that the "United States Court of Federal Claims shall have jurisdiction . . . in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). *See Spitters v. United States*, 710 F. App'x 896, 897 (Fed. Cir. 2018)

("Because '[t]he Court of Federal Claims is a court of limited jurisdiction,' it 'lacks jurisdiction over tort actions against the United States.'" (quoting *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (internal citations omitted))).

Further, this court must dismiss the plaintiff's claims relating to violations of the Americans with Disabilities Act for lack of subject matter jurisdiction because that statute "is not a money-mandating source of law." *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013). Similarly, this court lacks jurisdiction over Mr. Polonczyk's allegations against the Social Security Administration and the federal government related to his Social Security benefits. *See* Compl. at 30–38. Under the Social Security Act, the United States district courts possess exclusive jurisdiction over claims against the Social Security Administration. *See Brown v. United States*, 607 Fed. App'x 983, 985 (Fed. Cir. 2015) (42 U.S.C. § 405 "specifies the exclusive mechanism for determining the right to Social Security benefits, and provides exclusive jurisdiction to the district courts over appeals from Social Security determinations denying benefits."); *Arunga v. United States*, 465 F. App'x 966, 967–68 (Fed. Cir. 2012) (holding that "the statute makes clear that the Court of Federal Claims lacks jurisdiction [over challenges relating to Social Security benefits] because claims for social security benefits must be filed in a federal district court."). Finally, the plaintiff's claims arising out of his criminal convictions must also be dismissed for lack of subject matter jurisdiction because "[t]he Court of Federal Claims does not have the power to review and overturn convictions or to review in detail the facts surrounding a conviction or imprisonment." *Zakiya v. United States*, 79 Fed. Cl. 231, 234–35 (2007), *aff'd*, 277 F. App'x 985 (Fed. Cir. 2008).

### III. CONCLUSION

For the reasons stated above, this court does not have subject matter jurisdiction over any of the plaintiff's claims and thus, Mr. Polonczyk's complaint is **DISMISSED** for lack of subject matter jurisdiction under RCFC 12(b)(1).[3] The clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[3] Under 28 U.S.C. § 1631, this court has the authority to transfer a case over which it lacks jurisdiction to "any other such court in which the action or appeal could have been brought at the time it was filed or notice" if the transfer "is in the interests of justice[.]" 28 U.S.C. § 1631. However, the Court of Federal Claims "is unable to transfer any case to the state court system, as no state court falls within the definition in [28 U.S.C] § 610." *Mendez-Cardenas v. United States*, 88 Fed. Cl. 162, 168 (2009) (citing 28 U.S.C. § 610). *See also Staten v. United States*, No. 15-308C, 2015 WL 4441672, at *4 (Fed. Cl. July 17, 2015). Similarly, this court also cannot transfer the plaintiff's claims to the International Court of Justice. *See* 28 U.S.C. § 610.